IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **RICHARD CASILLO** | : | Case No. |
| C/O Schroeder, Maundrell, Barbiere & Powers | : | |
| Suite 200 | : | |
| Mason, Ohio 45040 | : | |
| Plaintiff, | : | Judge |
| | : | |
| v. | : | |
| | : | |
| **APPLE COMPUTER INC. d/b/a APPLE INC.** | : | |
| 1 Infinite Loop, MS: 38-3TX | : | |
| Cupertino, California 95014-2084 | : | |
| *A California Corporation conducting* | : | **COMPLAINT AND JURY DEMAND** |
| *business in Cincinnati, Ohio* | : | |
| | : | |
| *Registered Agent of Apple Inc.* | : | |
| **C T CORPORATION SYSTEM** | : | |
| 4400 Easton Commons Way, Suite 125 | : | |
| Columbus, Ohio 43219 | : | |
| | : | |
| Defendant. | : | |

## I. PRELIMINARY STATEMENT

1. This is a civil rights case challenging age and retaliation discrimination against a former employee of Defendant, Apple Inc. (hereinafter "Apple"). Plaintiff, Richard Casillo, was employed as the most elder senior manager at the Kenwood Towne Centre Apple store when he was terminated shortly after lodging multiple complaints to human resources about the manner in which he was being improperly treated by Beth Coleman-Drum, his superior at Apple. Mr. Casillo complained to human resources and other managers that he was being subjected to a hostile work environment created by his superior, Ms. Coleman-Drum. Mr. Casillo was treated differently based upon his age and in retaliation for his multiple complaints when he was improperly terminated by Apple for conduct that was commonplace among

younger similar-situated Apple managers. Accordingly, Mr. Casillo brings this action to seek fair compensation, reinstatement to his position as senior manager at Apple, and assurances that age and retaliation discrimination at Apple will cease.

## II. JURISDICTION

2. Jurisdiction of this court is invoked pursuant to 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1343(a) (3) and (4).

3. On or about August 18, 2016, Richard Casillo filed a charge of employment discrimination, based on age and retaliation, pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA") and Title VII, with the U.S. Equal Employment Opportunity Commission. The EEOC issued a right to sue letter on both charges on or about August 9, 2017 which Plaintiff received shortly thereafter. A copy of the charge and notice of right to sue are attached as Exhibit A.

## III. PARTIES

4. Plaintiff Richard Casillo was at all times relevant to this action employed in Cincinnati, Ohio by an Apple at its retail location in Kenwood Towne Centre, located at 7875 Montgomery Rd, Cincinnati, OH 45236 in Hamilton County, Ohio. He is 52 years old and resided in Warren County, Ohio during all relevant times. He was qualified to perform the duties of his position of senior manager and he is an employee within the meaning of Title VII, the ADEA, and O.R.C. § 4112.01 (A)(3).

5. Defendant Apple was at all times relevant to this action a California corporation conducting business in Hamilton County, Ohio, and a private employer within the meaning of Title VII, the ADEA, and O.R.C. § 4112.01 (A)(2).

## IV. FACTS

6. Plaintiff is currently 52 years old and an at all relevant time was over the age of 40 while serving as an employee for Defendant Apple.

7. Plaintiff began his employment with Defendant Apple on or about January 8, 2012 as a senior manager of the Kenwood Towne Centre Apple Store location at 7875 Montgomery Rd, Cincinnati, OH 45236 ("Apple Store").

8. Throughout his tenure of employment with Defendant Apple, Plaintiff was qualified for his position and dedicated to his work.

9. During his tenure, Plaintiff was commended by Defendant Apple who honored Plaintiff with four (4) Apple "Ovation Awards" based upon his performance, leadership, and achievement with respect to Defendant Apple's annual store goals.

10. Plaintiff was the oldest manager at the Apple Store during the entirety of his tenure.

11. During his tenure, Plaintiff was subjected to inappropriate comments about his age at times being referred to as "being old" and "old man."

12. Shortly after beginning his tenure with Defendant Apple, Frustrated that she could not treat him like younger managers or other lower-level employees, Market Director Beth Coleman-Drum was treating him differently than other younger store managers and employees.

13. Supervisor Coleman-Drum made it clear she had issues with Plaintiff and created a toxic work environment for Plaintiff. Supervisor Coleman-Drum did not like Plaintiff taking a leadership role in the Apple Store and bullied him.

14. Plaintiff was one of the few employees over the age of forty (40) in the Apple Store and Supervisor Coleman-Drum did not like that Plaintiff was experienced and brought new, innovative ideas to the table.

15. Beginning in September, 2015, Plaintiff complained to other managers and Defendant Apple's Human Resources Department that Supervisor Coleman-Drum had created a hostile work environment for Plaintiff.

16. Shortly after such complaints, Plaintiff was advised by Defendant Apple of an alleged security issue.

17. As a leader within the Apple Store, Plaintiff was responsible for managing many employees. The Apple Store has a storefront for customers, but it also maintains a remote storage site ("Storage Site"), where a majority of the location's merchandise is kept. As a manager, Plaintiff had a security access code for the Storage Site.

18. It is common practice at the Apple Store for managers to give lower-level employees their Storage Site access codes to allow employees to run and get merchandise while senior employees manage store operations.

19. As common practice within the Apple Store dictated, Plaintiff shared his Storage Site access code with a lower-level employee on one occasion. Plaintiff made the decision to share his code with a visuals specialist to access the Storage Site. He made this decision during an overnight floorplan redesign. Product was needed from the Storage Site, but Plaintiff was the only manager on-duty and needed to stay inside the Apple Store.

20. Plaintiff was never provided any training to contradict his aforementioned decision.

21. Plaintiff has also never previously been disciplined by Defendant Apple in any manner.

22. Furthermore, there were other instances of similar conduct involving younger senior managers providing access codes to other lower-level employees that occurred for which Defendant Apple did not issue any level of discipline.

23. Even with respect to the alleged security issued raised by Defendant shortly after Plaintiff made complaints concerning Supervisor Coleman-Drum, Defendant did not take immediate action to address the alleged security issue.

24. Defendant Apple knew of the compromised code in December, 2015, but failed to even discuss the matter with Plaintiff for more than thirty (30) days.

25. Furthermore, senior management neglected to change the compromised code for more than sixty (60) days after learning of the alleged issue.

26. Despite this apparent lack of concern for asset protection, Defendant Apple proceeded to conduct an investigation into Plaintiff and the alleged security issue.

27. Plaintiff fully admitted to the incident during the investigation, as it was his understanding and experience that the practice was prevalent throughout the store's management team.

28. The common practice led Plaintiff to believe that his actions were in the best interest of Defendant Apple. After the investigation, Plaintiff's manager, Lisa Hope, told Plaintiff to "just not do it again" and did not issue Plaintiff any form of discipline.

29. However shortly thereafter, Supervisor Coleman-Drum made the decision to terminate Plaintiff on March 7, 2016. Her decision was retaliatory and motivated by Plaintiff's age and because Plaintiff had made multiple complaints to Human Resources regarding her creation of a hostile work environment.

30. Defendant Apple failed to follow its policy of progressive discipline.

31. Defendant Apple's reason for terminating Plaintiff was pretextual.

32. Defendants never conducted an investigation into similarly-situated manager even though it was common knowledge password/sales code had been distributed to lower-level employees to unilaterally provide promotional codes, discounts, and overrides. In contrast, Plaintiff was investigated and eventually terminated for "asset security."

33. Plaintiff properly filed his charge of age discrimination and retaliation through the Equal Employment Opportunity Commission ("EEOC") on August 18, 2016.

34. On or about August 7, 2017, the EEOC issued Plaintiff a "Right to Sue" letter.

35. Plaintiff Casillo is able to do the job of senior manager and seeks reinstatement to his position and seniority retroactive to March 8, 2016.

## COUNT I: AGE DISCRIMINATION

**(Age Discrimination – 29 U.S.C. § 623 )**

36. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

37. Plaintiff was over the age of 40 and qualified for his position at all relevant times.

38. Plaintiff had a property right in continued employment with Defendant Apple under the same terms and conditions as other employees, and may not be deprived of this right due to his age.

39. Plaintiff was subject to unwelcome harassment based on his age.

40. Defendants discriminated against Plaintiff by treating him differently than younger employees.

41. Plaintiff violated an Apple policy that other managers blatantly violated on a regular basis. Plaintiff was the only employee investigated and terminated under the policy. The investigation, and eventual termination, of Plaintiff by Defendants was motivated by Plaintiff's age.

42. Plaintiff was terminated March 7, 2016 because of his age.

43. Defendants' actions were intentional, willful, wanton, and malicious in nature.

44. As a direct and proximate cause of Defendants' unlawful discriminatory conduct, Plaintiff has been damaged and is entitled to relief.

## COUNT II: RETALIATION DISCRIMINATION

45. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

46. Plaintiff filed one or more complaints regarding the hostile work environment created by Supervisor Beth Coleman-Drum and Apple with respect to management, discipline, age discrimination, and team interactions.

47. Defendant acted in retaliation against Plaintiff because he engaged in protected activity by asserting complaints of age discrimination and hostile work environment to Defendant's Human Resources Department.

48. As a direct and proximate result of the age-based termination, Plaintiff suffered direct economic loss.

**WHEREFORE**, Plaintiff, Richard Casillo, demands that the Court:

A. Award Plaintiff reinstatement, back pay, all lost benefits, front pay, and other equitable relief;

B. Award Plaintiff compensatory damages in an amount to be determined at trial;

C. Award Plaintiff prejudgment interest;

D. Award Plaintiff reasonable attorney fees and costs;

E. Order such other and further relief as this honorable Court may deem appropriate and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable by a jury.

Respectfully submitted,

_____
Scott A. Sollmann (#0081467)
Jonathan Deters (#093976)
**Schroeder, Maundrell, Barbiere & Powers**
*Trial Attorneys for Plaintiff, Richard Casillo*
5300 Socialville Foster Rd.
Mason, OH 45040
P. (513) 583-4200
F. (513) 583-4203
E. ssollmann@smbplaw.com
   jdeters@smbplaw.com

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>473-2016-01076 |
|---|---|---|

and EEOC

_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.)<br>Mr. Rich A. Casillo | Home Phone (Incl. Area Code)<br>(513) 716-7522 | Date of Birth<br>10-26-1965 |
|---|---|---|
| Street Address<br>8024 Spyglass Lane, Maineville, OH 45039 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>APPLE - KENWOOD MALL | No. Employees, Members<br>500 or More | Phone No. (Include Area Code)<br>(513) 791-9866 |
|---|---|---|
| Street Address<br>7875 Montgomery Road, Cincinnati, OH 45236 | | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 09-01-2015   Latest: 03-17-2016
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I am age 50. Beginning in September 2015, I complained numerous times that Beth Coleman-Drum, Market Director, was creating a hostile work environment. On March 17, 2016, I was terminated. Similarly-situated younger employees were not terminated for doing the same thing for which I was terminated.

II. Management stated that I was being terminated for giving a Team Member my access code which violates Apple's Business Conduct policy. Management is well aware that it is common practice that Team Members are given Managers and Leads codes. I was the oldest manager. The younger managers were not held to the same standard as me. The reason given for my termination is pretext.

III. I believe I have discriminated against because of age and in retaliation for complaining, in violation of the Age Discrimination in Employment Act of 1967, as amended.

IV. This Charge is not being dual filed with the Ohio Civil Rights Commission.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Aug 18, 2016
Date    Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS
(month, day, year)

AUG 18 2016
RECEIVED
EEOC CINCINNATI AREA OFFICE

EXHIBIT A



**U.S. Equal Employment Opportunity Commission**
Cincinnati Area Office

John W. Peck Fed. Bldg
550 Main St Room 10-019
Cincinnati, OH 45202
(513) 684-3967
TDD: 1-800-669-6820
Fax: (513) 246-0218
1-800-669-4000

Respondent: APPLE - KENWOOD MALL
EEOC Charge No.: 473-2016-01076

August 22, 2016

Scott A. Sollmann
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
5300 Socialville-Foster Road, Suite 200
Mason, OH 45040

Dear Ms. Sollmann:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the "EEOC Charge No." listed above whenever you call us about this charge. The information provided indicates that the charge is subject to:

[ ] Title VII of the Civil Rights Act of 1964 (Title VII)
[X] The Age Discrimination in Employment Act (ADEA)
[ ] The Americans with Disabilities Act (ADA)
[ ] The Equal Pay Act (EPA)
[ ] The Genetic Information Nondiscrimination Act (GINA)

You need do nothing further at this time. We will contact you when we need more information or assistance. A copy of the charge or notice of the charge will be sent to the respondent within 10 days of our receipt of the charge as required by our procedures.

The quickest and most convenient way to obtain the contact information and the status of your charge is to use EEOC's Online Charge Status System, which is available 24/7. You can access the system via this link (https://publicportal.eeoc.gov/portal) or by selecting the "My Charge Status" button on EEOC's Homepage (www.eeoc.gov). To sign in, enter your EEOC charge number, your zip code and the security response. An informational brochure is enclosed that provides more information about this system and its features.

While the charge is pending, this office should be notified of any change in your client's address, or where they can be reached if they have any prolonged absence from home. Your cooperation in this matter is essential.

Sincerely,

Derwin E. Jamison
Investigator
(513) 684-2844

Office Hours: Monday – Friday, 8:00 a.m. - 4:30 p.m.
www.eeoc.gov

Enclosure(s)

cc: Rich A. Casillo
    8024 Spyglass Lane
    Maineville, OH 45039

EEOC Form 161 (11/16)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Mr. Rich A. Casillo<br>8024 Spyglass Lane<br>Maineville, OH 45039 | From: | Cincinnati Area Office<br>John W. Peck Fed. Bldg<br>550 Main St Room 10-019<br>Cincinnati, OH 45202 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 473-2016-01076 | Derwin E. Jamison, Investigator | (513) 684-2844 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- **NOTICE OF SUIT RIGHTS** -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Melanie L. Breen *(signature)*  AUG 0 9 2017

Melanie L. Breen,
Area Office Director    *(Date Mailed)*

Enclosures(s)

cc: Mr. Kyle Matarrese
Counsel – Employment Law
Apple
1 Infinite Loop
Ms 169-5be
Cupertino, CA 95014

Mr. Scott A. Sollmann, Esq.
Schroeder, Maundrell, Barbiere & Powers
5300 Socialville-Foster Road
Suite 200
Mason, OH 45040