# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **RICHARD CASILLO,** | : | Case No. 1:17-cv-00746 |
| Plaintiff, | : | Judge Bertelsman |
| v. | : | |
| **APPLE COMPUTER INC. d/b/a APPLE INC.** | : | |
| Defendant. | : | **DEFENDANT'S ANSWER** |

Now comes Defendant Apple Inc. and for its Answer to the Complaint states as follows:

1. Defendant denies the allegations in paragraph 1 of the Complaint.

2. Defendant admits that this Court has jurisdiction. Defendant denies the remaining allegations in paragraph 2.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and on that basis denies the allegations in paragraph 3 of the Complaint.

4. Defendant admits that it employed Plaintiff for a period of time. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 4 of the Complaint and on that basis denies the allegations in the second sentence of paragraph 4 of the Complaint. Defendant denies the remaining allegations in paragraph 4 of the Complaint.

5. Defendant admits the allegations in paragraph 5 of the Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and on that basis denies the allegations in paragraph 6 of the Complaint.

7. Defendant admits the allegations in paragraph 7 of the Complaint.

8. Defendant denies the allegations in paragraph 8 of the Complaint.

9. Defendant denies the allegations in paragraph 9 of the Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and on that basis denies the allegations in paragraph 10 of the Complaint.

11. Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant admits the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant admits that Plaintiff shared his access code with a lower level employee. Defendant denies the remaining allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant admits it conducted an investigation. Defendant denies the remaining allegations in paragraph 26 of the Complaint.

27. Defendant admits that Plaintiff admitted to the violation. Defendant denies the remaining allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant admits that Plaintiff's employment was terminated. Defendant denies the remaining allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and on that basis denies the allegations in paragraph 33 of the Complaint.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and on that basis denies the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant incorporates by reference its responses to paragraphs 1 through 35 in response to paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant admits that Plaintiff violated an Apple policy. Defendant denies the remaining allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant incorporates by reference its responses to paragraphs 1 through 44 in response to paragraph 45 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

49. Defendant denies the allegations in the WHEREFORE paragraph of the Complaint and specifically denies that Plaintiff is entitled to any of the relief sought.

50. Defendant denies each and every allegation not specifically admitted herein.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims fail to the extent they are barred by the applicable statute of limitations or based on events that occurred beyond the statute of limitations period.

## THIRD DEFENSE

Plaintiff's claim for damages is barred, in whole or in part, by offset, payment, or compensation and benefits received by Plaintiff through subsequent employment or otherwise.

## FOURTH DEFENSE

Plaintiff has failed to mitigate his damages, if any.

**FIFTH DEFENSE**

Defendant made reasonable and good-faith efforts to comply with anti-discrimination and anti-retaliation laws under state and federal law. Although Defendant denies that any of the unlawful actions alleged by Plaintiff were taken, to the extent they were, they were contrary to Defendant's good-faith efforts to comply with the law.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendant applied its business judgment, acted at all times in good faith, and had legitimate, non-discriminatory and non-retaliatory reasons for any employment actions that were unrelated to Plaintiff's age or alleged protected activity.

**SEVENTH DEFENSE**

Plaintiff's claims fail, in whole or in part, because Defendant treated Plaintiff lawfully and in good faith compliance with all applicable rules, regulations, and laws.

**EIGHTH DEFENSE**

Pleading in the alternative, to the extent that Plaintiff is able to prove to the satisfaction of the trier-of-fact that any improper motive was a factor in relevant employment decisions, Defendant would have made the same employment decisions regarding Plaintiff regardless of any alleged improper motive.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, release and/or unclean hands.

### TENTH DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any discriminatory or harassing behavior and Plaintiff failed to take advantage of the preventative and corrective opportunities provided by Defendant or to avoid harm otherwise.

### ELEVENTH DEFENSE

To the extent Plaintiff suffered any damages or losses for which he seeks to hold Defendant responsible, those damages or losses were caused in whole or in part by Plaintiff's own acts, conduct, or omissions or the acts, conduct or omissions of third parties.

### TWELFTH DEFENSE

Plaintiff's claims for damages must be reduced or dismissed to the extent that after-acquired evidence demonstrates that Plaintiff engaged in conduct which would have otherwise resulted in his termination.

### THIRTEENTH DEFENSE

Plaintiff's claims fail, in whole or in part, to the extent that Plaintiff has failed to utilize and exhaust available administrative remedies, satisfy any pre-requisites to suit, and/or to the extent the claims are barred by the election of remedies doctrine.

### FOURTEENTH DEFENSE

Defendant reserves the right to assert such other defenses and affirmative defenses as may arise during the course of this litigation.

WHEREFORE, having fully answered the Complaint, Defendant respectfully requests that this matter be dismissed and that it be awarded its costs, attorney's fees, and such other related relief as this Court may deem proper.

Respectfully submitted,

/s/*Patricia Anderson Pryor*
Patricia Anderson Pryor (0069545)
JACKSON LEWIS P.C.
201 E. Fifth Street, 26th Floor
Cincinnati, OH 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
Email: pryorp@jacksonlewis.com

*Counsel for Defendant Apple Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on May 10, 2018, the foregoing was electronically filed with the Court's CM/ECF system and such system will send electronic notice to counsel of record:

Scott A. Sollmann
Jonathan Deters
Schroeder, Maundrell, Barbiere & Powers
5300 Socialville Foster Road
Mason, OH 45040
ssollmann@smbplaw.com
jdeters@smbplaw.com

/s/*Patricia Anderson Pryor*
Patricia Anderson Pryor

4821-0946-9792, v. 1